Michael K. Erickson (12503)
**RAY QUINNEY & NEBEKER P.C.**
36 South State Street, Suite 1400
Salt Lake City, Utah 84111
Telephone: (801) 532-1500
Facsimile: (801) 532-7543
merickson@rqn.com

Tianqin Zhao (*pro hac vice forthcoming*)
Zhiyu Liang (*pro hac vice forthcoming*)
Shaoyi Che (*pro hac vice forthcoming*)
**YOUNGZEAL LLP**
9355 John W. Elliot Dr., Ste 25555
Frisco, TX 75033
Telephone: (717) 440-3382
zhao@yzlaw.com
zhiyu.liang@yzlaw.com
che@yzlaw.com

Fan Liang (*pro hac vice forthcoming*)
**ANJIE BROAD LAW FIRM**
No.19 Dongfangdonglu Chaoyang
19/F Twr D1 Diplomacy Ofc. Bldg.
Beijing 100600, China
alex_liang@anjielaw.com

*Attorneys for Plaintiffs*

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| AUBES E-COMMERCE (Shanghai) Co., Ltd, a Chinese Limited Liability Company; Shenzhen Yanshi Innovation Technology Co., Ltd., a Chinese Limited Liability Company; and Guangzhou Qisheng Auto Co., Ltd., a Chinese Limited Liability Company;<br><br>Plaintiffs,<br><br>v.<br><br>RVLock & Co., LLC, a Utah Limited Liability Company,<br><br>Defendant. | **COMPLAINT FOR DECLARATORY JUDGMENT**<br><br>Case No.: _____<br><br>Judge: _____<br><br>**JURY TRIAL DEMANDED** |

## COMPLAINT FOR DECLARATORY JUDGMENT

Plaintiffs AUBES E-COMMERCE (Shanghai) Co., Ltd., Shenzhen Yanshi Innovation Technology Co., Ltd., and Guangzhou Qisheng Auto Co., Ltd. (collectively "Plaintiffs"), bring this action against Defendant RVLock & Co., LLC ("RVLock") for declaratory judgment that Plaintiffs do not infringe U.S. Patent No. 9,085,919 ("the '919 Patent") purportedly owned by RVLock and identified more specifically in paragraphs 11-13 below, and in support thereof allege the following:

## NATURE OF THE ACTION

1. This action arises under the patent laws of the United States of America, 35 U.S.C. § 1 *et seq.*, and the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202, in response to assertions made in RVLock's unmeritorious Amazon complaints that certain RV door lock products imported, marketed, and sold in the United States by Plaintiffs ("the Accused Locks") infringe the '919 Patent. RVLock's Amazon complaints are harming Plaintiffs' ability to sell the Accused Locks and are further injuring Plaintiffs and their products' reputations in the marketplace. Accordingly, RVLock's assertion of the '919 Patent against the Accused Locks gives rise to a substantial and justiciable controversy between the parties that Plaintiffs seek to resolve through this action.

2. Additionally, as a result of RVLock's series of unsubstantiated complaints submitted to the Amazon platform, Plaintiffs are under reasonable apprehension of suit by RVLock.

## THE PARTIES

3. Plaintiff AUBES E-COMMERCE (Shanghai) Co., Ltd. ("AUBES") is a company

2

organized and existing under the laws of the People's Republic of China with its principal place of business located outside of this country. AUBES imports, markets, and sells a range of products, including the Accused Locks.

4. Plaintiff Shenzhen Yanshi Innovation Technology Co., Ltd. ("Yanshi") is a company organized and existing under the laws of the People's Republic of China with its principal place of business located outside this country.

5. Plaintiff Guangzhou Qisheng Auto Co., Ltd. ("Qisheng") is a company organized and existing under the laws of the People's Republic of China with its principal place of business located outside of this country.

6. Upon information and belief, Defendant RVLock is a Utah limited liability company with a listed address at 1700 WEST 2690 SOUTH, WELLSVILLE, UT 84339. This address is the listed address for service of process. This is also the address displayed on the RVLock website's page footer.

## JURISDICTION AND VENUE

7. This Court has subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1338(a), because this action arises under the laws of the United States, in particular the Patent Act of the United States, 35 U.S.C. § 1 *et seq.*, ad under the Federal Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202.

8. This Court has personal jurisdiction over RVLock. RVLock is registered to do business in the State of Utah (Entity Number: 9262395-0160), has its headquarters in the State of Utah, and has offices in this District. RVLock, directly and through agents, regularly does, solicits, and transacts business in this District and elsewhere in the State of Utah.

9. Venue is proper in this District under 28 U.S.C. Section 1391. RVLock has a regular and established place of business in this District—specifically, offices and employees located at 1700 WEST 2690 SOUTH, WELLSVILLE, UT 84339. RVLock also lists this address on its website (https://www.rvlock.com/pages/about-us).

10. An immediate, real, and justiciable controversy exists between Plaintiffs and RVLock as to whether Plaintiffs are infringing or have infringed the '919 Patent.

## ALLEGATIONS REGARDING THE '919 PATENT

11. A patent application, entitled "Touch Pad Lock Assembly" with application number 13/424,512 was filed on March 20, 2012, and ultimately issued as the '919 Patent on July 21, 2015. A true and correct copy of the '919 Patent is attached as Exhibit 1.

12. The '919 Patent's application is a continuation-in-part of and claims priority under 35 U.S.C. § 120 to several previously filed and commonly assigned U.S. patent applications. Specifically, the '919 Patent is a continuation-in-part of U.S. Patent No. 8,347,667, issued on January 8, 2013, which itself claims priority under 35 U.S.C. § 119(e) to U.S. Provisional Application No. 61/203,403, filed on December 22, 2008. The '919 Patent is further a continuation-in-part of U.S. Patent No. 8,186,191, issued on May 29, 2012, which claims priority to U.S. Provisional Application No. 61/264,935, filed on November 30, 2009. Additionally, the '919 Patent is a continuation-in-part of U.S. Application No. 13/368,778, filed on February 8, 2012, which issued as U.S. Patent No. 8,393,187 on March 12, 2013, and which claims priority under 35 U.S.C. § 119(e) to U.S. Provisional Application No. 61/440,895, filed on February 9, 2011.

13. Bruce C. Bacon is the sole named inventor of the '919 Patent. The original assignee

of the '919 Patent was Bauer Products, Inc. An assignment, executed on September 12, 2023, and recorded with the United States Patent and Trademark Office ("USPTO") on September 14, 2023, purports to transfer ownership of the '919 Patent from Bauer Products, Inc. to RVLock.

## FACTUAL BACKGROUND

### A. RVLock's Assertions in Its Amazon Complaints Giving Rise to A Justiciable Controversy Between Plaintiffs and RVLock

14. Upon information and belief, RVLock has engaged in a deliberate and systematic pattern of conduct by willfully misusing the Amazon Patent Evaluation Express ("APEX") process. Specifically, RVLock has improperly extrapolated the outcome of a single, unrelated APEX proceeding to initiate additional infringement complaints against other products—including the Accused Locks at issue in this case—which were neither evaluated nor implicated in the prior APEX determinations. These unsubstantiated and overreaching complaints reflect a misuse of the APEX process, and RVLock's actions constitute a clear abuse of that mechanism.

15. RVLock has improperly leveraged the outcome of a single unrelated APEX resolution to target unjustifiably and have removed Plaintiffs' listings for the Accused Locks, which were not included or identified in the previous APEX proceeding. *See infra* at ¶¶ 17-24 (identifying the Accused Locks corresponding to the ASINs). This broad and unreasonable action by RVLock was taken without any proceedings to substantiate these ungrounded allegations.

### B. AUBES E-COMMERCE (Shanghai) Co., Ltd

16. AUBES sells the Accused Locks on Amazon under the storefront Better Life (Seller ID: A2DIQK9Y35JTU2), which has earned a significant reputation and customer recognition. The Accused Locks listings at issue are identified by ASIN No. B0DYNX2ZCN ("Accused AUBES Locks"). An exemplary figure of Accused AUBES Locks is shown in Illustration 1 below:

5



| Illustration 1: Exemplary Accused AUBES Locks |
|---|

17. On April 29, 2025, RVLock filed a complaint with Amazon, alleging patent infringement claims against AUBES. A copy of the complaint is attached as Exhibit 2.

### C. Shenzhen Yanshi Innovation Technology Co., Ltd.

18. Yanshi sells the Accused Locks on Amazon under the storefront ZH-AUTO (Seller ID: A3TMTFRC3FW1C0), which has earned a significant reputation and customer recognition. The Accused Locks listings at issue are identified by ASIN Nos. B0F6LL3YXW, B0F6LLM4F9, B0F6LPYF18, B0F6LGKDFH, B0FCFKTS62, B0FCFKX4R2, B0FDQSH5B7, B0FDQMQJJ3, B0FDQMBPZN, B0F6LG1WPH, B0F6LGKKWL, B0F6LH2GCM, B0F6LLC19L, B0FCFHLXJJ, B0FCFR8JGT, B0FCFHLJ2L, B0FDQPJ34G, B0F6LPHZ2N, B0F6LKXSXH, B0F6LK8H9T, B0F6LPM462, B0FCFNGWYR, B0FCFHLZWH, B0FCFNL3CV, B0FDQPDM7Q ("Accused Yanshi Locks"). An exemplary figure of Accused Yanshi Locks is shown in Illustration 2 below:



19. Upon information and knowledge, RVLock filed a complaint with Amazon, alleging patent infringement claims against Yanshi, resulting in the Accused Yanshi Locks being delisted.

### D. Guangzhou Qisheng Auto Co., Ltd.

20. Qisheng sells the Accused Locks on Amazon under the storefront QishengAuto (Seller ID: A3WQQF7SMCVIW), which has earned a significant reputation and customer recognition. The Accused Locks listings at issue are identified by ASIN No. B0DZGR6MWH ("Accused Qisheng Locks"). An exemplary figure of Accused Qisheng Locks is shown in Illustration 3 below:



21.     On July 8, 2025, RVLock filed a complaint with Amazon, alleging patent infringement claims against Qisheng. A copy of the complaint is attached as Exhibit 3.

*     *     *     *     *

22.     By submitting these baseless complaints to Amazon, RVLock has circumvented the intended purpose of the APEX process by using it as a substitute for legitimate federal patent litigation. In doing so, RVLock has undermined the integrity of the APEX mechanism and improperly attempted to bypass the jurisdiction of federal courts in adjudicating patent infringement disputes.

23.     RVLock's conduct in leveraging the APEX process to circumvent formal proceedings significantly harms Plaintiffs. In addition to the direct detrimental impact on monetary losses, the delisting of the Accused Locks immediately results in a loss of sales, market share, product reviews, and product ratings, which are all crucial metrics in ranking Plaintiffs' performance on the Amazon platform.

## FIRST CAUSE OF ACTION
### (DECLARATORY JUDGMENT OF NON-INFRINGEMENT)

24. Plaintiffs repeat and incorporate by reference the allegations of paragraphs 1-18 above as if fully set forth herein.

25. RVLock claims to own rights, title, and interest in and under the '919 Patent. See Exhibit 1.

26. Plaintiffs do not directly or indirectly infringe the '919 Patent, either literally or under the doctrine of equivalents. Independent claim 1 of the '919 Patent is reproduced below, as representative:

> 1. A lock assembly adapted for mounting adjacent an associated closure of the type that can be shifted between an open position and a closed position, the lock assembly, comprising:
>
> (a) a housing;
>
> (b) an external handle pivotally mounted in an exterior portion of the housing for rotation between a retracted position and an extended position;
>
> (c) a latch operably connected with the external handle and configured such that when the external handle is in the retracted position, the latch is in a latched position, wherein the closure cannot be unintentionally shifted from the closed position, and when the external handle is in the extended position, the latch is in an unlatched position, wherein the closure is free to be shifted from the closed position to the open position;
>
> (d) a key lock mounted on the exterior portion of the housing, where the key lock has a locked and an unlocked position;
>
> (e) a lock cam rotatably mounted in the housing and operably connected with the key lock for rotation therewith, the lock cam having a lock cam crank arm;
>
> (f) a first link operably connected with the lock cam crank arm;
>
> (g) a deadbolt lock movably mounted in the housing for shifting between a locked position, wherein the closure is positively retained in the closed position, and an unlocked position, wherein the closure is free to be shifted between the open and closed positions;

(h) the deadbolt lock being operably connected with the first link;

(i) a motor having a locked and unlocked position operatively connected with the first link; and

(j) an electronic touchpad mounted on the exterior portion of the housing being operatively connected with the motor, whereby entry of a preselected numerical code actuates the motor and contemporaneously shifts the deadbolt lock between the locked and unlocked positions.

27. The Accused Locks do not infringe claim 1 of the '919 Patent, or the claims that depend from it, because the Accused Locks do not have all of the claimed elements, either literally or under the doctrine of equivalents. Representative claim elements missing from the Accused Locks include, but are not limited to, at least one of the following:

| Claimed Feature | Example Limitation Not Present in the Accused Locks |
|---|---|
| [1.c] | The Accused Locks do not include "a latch operably connected with the external handle and configured such that when the external handle is in the retracted position, the latch is in a latched position, wherein the closure cannot be unintentionally shifted from the closed position, and when the external handle is in the extended position, the latch is in an unlatched position, wherein the closure is free to be shifted from the closed position to the open position." |
| [1.e] | The Accused Locks do not include "a lock cam rotatably mounted in the housing and operably connected with the key lock for rotation therewith, the lock cam having a lock cam crank arm." |
| [1.f] | The Accused Locks do not include "a first link operably connected with the lock cam crank arm." |
| [1.h] | The Accused Locks do not include the limitation that teaches "the deadbolt lock being operably connected with the first link." |
| [1.i] | The Accused Locks do not include "a motor having a locked and unlocked position operatively connected with the first link." |

28. By using, selling, offering to sell, and/or importing the Accused Locks into the United States, Plaintiffs do not infringe, literally or under the doctrine of equivalents, any claim of the '919 Patent.

29. There is an actual, substantial, immediate, and justiciable controversy between

Plaintiffs and RVLock regarding whether the Accused Locks or Plaintiffs infringed any claim of the '919 Patent. A judicial declaration is appropriate and necessary to determine the parties' respective rights regarding the '919 Patent.

30.     Plaintiffs are entitled to a declaratory judgment that neither Plaintiffs nor the Accused Locks infringed, literally or under the doctrine of equivalents, any claim of the '919 Patent.

## RESERVATION OF RIGHTS

31.     Plaintiffs hereby reserve their rights to supplement with additional claims or defenses as discovery proceeds in this matter.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiffs respectfully pray for entry of judgment in their favor and against RVLock as follows:

A.     For judgment that neither the Plaintiffs nor the Accused Locks infringed, literally or under the doctrine of equivalents, any claim of the '919 Patent;

B.     For costs and reasonable attorneys' fees incurred in connection with this and related actions to be paid by RVLock;

C.     For a finding that this case is exceptional under 35 U.S.C. § 285;

D.     An award of any and all equitable relief to which Plaintiffs may be entitled; and

E.     For such other and further relief as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiffs hereby demand a jury trial on all issues so triable.

DATED this 12th day of August, 2025.

                                    **RAY RUINNEY & NEBEKER P.C.**

*/s/ Michael K. Erickson*
Michael K. Ericson

**YOUNGZEAL LLP**
Tianqin Zhao (pro hac vice to be filed)
Zhiyu Liang (pro hac vice to be filed)
Shaoyi Che (pro hac vice to be filed)

**ANJIE BROAD LAW FIRM**
Fan Liang (pro hac vice to be filed)

*Attorneys for Plaintiffs*

1717897v2